**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**


| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.   1411011704 and |
| | ) |                    1401016042 |
| | ) | |
| RYAN BRISCOE, | ) | |
| | ) | |
| Defendant. | ) | |


Submitted: April 8, 2015
Decided: July 20, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF**
**SHOULD BE DENIED.**

Mark A Denney, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Thoams A. Foley, Esquire, Attorney at Law, 1905 Delaware Avenue, Wilmington, Delaware, 19806, Attorneys for Defendant.


**MANNING**, Commissioner

This 20th day of July, 2015, upon consideration of defendant Ryan Briscoe's Motion for Postconviction Relief, the Court finds the following:

## FACTS AND PROCEDURAL HISTORY

On November 12, 2013, Briscoe was shot by unidentified intruders during a home invasion at his residence (a boarding house) and transported to a hospital by a friend. After police spoke with Briscoe at the hospital they responded to the crime scene where they located a loaded 9 millimeter handgun, marijuana and 96 clear plastic bags of heroin in a hallway closet adjacent to his bedroom. On January 30, 2104, Briscoe was arrested and charged with, inter alia, Drug Dealing, Possession of a Firearm During the Commission of a Felony and Possession of a Firearm and Ammunition by a Person Prohibited. After his arrest, Briscoe was released on bond and retained Mr. Foley to represent him (Defense Counsel). Briscoe was indicted on March 17, 2014 (case ID #1401016042). Trial was initially scheduled for September 23, 2014, but was rescheduled twice, until December 4, 2014. In preparation for trial, Defense Counsel filed numerous motions with the Court, including a motion to sever, motion to suppress statements, motion in limine to exclude DNA evidence, and finally, a motion related to the on-going scandal at the Office of the Chief Medical Examiner.[1]

While Briscoe was pending trial in case ID #1401016042, he was arrested on November 19, 2004—again for Drug Dealing, Possession of a Firearm During the Commission of a felony and other related charges (case ID # 1411011704). It turns out, that while out on bond for the first arrest, Briscoe was the target of a heroin investigation by police at his new residence. Police, utilizing a confidential informant, made two controlled buys from his residence in October and November of 2014. Police

---

[1] Aff. of Def. Counsel.

1

subsequently executed a search warrant on November 19, 2014, whereby Briscoe was located in the residence and arrested. Inside the residence, in a bedroom determined to be Briscoe's, police located over 3,900 bags of heroin and a loaded .32 caliber firearm. Per the arrest warrant, Briscoe confessed to possessing both the heroin and the firearm, telling police that the females also inside the apartment "had nothing to do with it."[2]

As if Defense Counsel did not have a tough enough row to hoe already, Briscoe was subject to sentencing as a Habitual Offender under 11 *Del. C.* § 4214(a) *and* (b) due to his prior convictions. Briscoe had previously been convicted of Trafficking in Controlled Substances (1991), Possession with Intent to Deliver a Narcotic (2010), Delivery of a Schedule II Narcotic (1994), Possession or Distribution of a Controlled Substance within 300 feet of a Park (1999), and Maintaining a Dwelling or Vehicle for Keeping a Controlled Substance (1991). [3] Simply put, if Briscoe gambled by going to trial on either case and lost, he faced the prospect of a mandatory life sentence if convicted of any of the violent felonies enumerated under § 4214(b) that he was charged with.

In light of this situation, Defense Counsel quickly struck a deal with the State allowing Briscoe to plead guilty to one charge from each case, a ten year Level V recommendation, and most importantly, the State would *not* seek to declare Briscoe a Habitual Offender under § 4214(a) or (b). Briscoe entered his guilty plea and was sentenced to the recommended ten years at Level V, followed by probation, on December 4, 2014—the day he was scheduled to start trial on case ID # 1401016042.

---

[2] *Id*.
[3] Immediate Sentencing Form.

## DEFENDANT'S RULE 61 CLAIM

Briscoe timely filed his first *pro se* motion for postconviction relief with this Court on April 8, 2015.[4]  Briscoe's single claim for postconviction relief, in its entirety, is:

> The defendant did not enter an intelligent, knowing and voluntary plea as the Sas [sic] a result of ineffective assistance of counsel for failing to file [sic] suppression motion.[5]

## LEGAL STANDARD

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that:  (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[6]  The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[7]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[8]

Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[9]  An error by defense

---

[4] Briscoe did not file an appeal with the Delaware Supreme Court.

[5] Briscoe's Motion was supported by an extensive, typed, 22 page Memorandum of Law.

[6] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[7] *Id.*

[8] *Id.* at 697.

[9] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[10]

Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that defense counsel's conduct fell within a wide range of reasonable professional assistance.[11] Moreover, there is a strong presumption that defense counsel's conduct constituted sound trial strategy.[12]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be reviewed from the defense counsel's perspective at the time decisions were being made.[13] It is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[14] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[15]

The United States Supreme Court recognized that there are countless ways to provide effective assistance in any given case. The United States Supreme Court cautioned that reviewing courts must be mindful of the fact that unlike a later reviewing court, trial counsel observed the relevant proceedings, knew of materials outside the record, and interacted with his client, opposing counsel, and the judge.[16]

Even the best criminal defense attorneys would not defend a particular client in the same way. Consequently, defense counsel must be given wide latitude in making

---

[10] *Strickland*, 466 U.S.at 691.
[11] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Salih v. State*, 2008 WL 4762323, at *1 (Del. Oct. 31, 2008).
[12] *Strickland at* 466 U.S. 688-689.
[13] *Id.*
[14] *Id*
[15] *Id.*
[16] *Harrington v. Richter*, 562 U.S. 86, 105-6 (2011).

tactical decisions.[17] Counsel's representation must be judged by the most deferential of standards. There is a strong presumption that defense counsel's conduct constituted sound trial strategy.[18]

<h2 align="center">ANALYSIS</h2>

At the outset, the Court notes that while Briscoe's motion is couched as one of ineffective assistance of counsel, the goal of his motion is really to withdraw his guilty plea. Nevertheless, Brisoce's claim is governed by Superior Court Criminal Rule 61. Before examining the merits of Briscoe's claim, the Court will first examine it in light of the procedural requirements imposed under Rule 61(i). Finally, a reviewing court need not consider the merits of a Rule 61 motion if the motion is procedurally barred.[19]

The thrust of Briscoe's claim is that had Defense Counsel done more investigation and moved to suppress evidence from the November 19, 2014 arrest, the outcome of his cases would have been different—somehow.

Conversely, Defense Counsel's Affidavit paints a much different picture. It is clear that Defense Counsel is an experienced criminal defense attorney who was fully prepared to litigate, and if necessary, go to trial on the first arrest. However, while Defense Counsel and Briscoe may have reasonably expected a "win" at trial on the first case, the proverbial rug was pulled out from under them with Briscoe's second arrest— on new and even more serious charges—on the eve of trial. As Defense Counsel succinctly put it, the first case was based on "constructive possession" and Briscoe had a "viable trial defense," the second case put Briscoe in "checkmate."[20]

---

[17] *Id.*
[18] *Strickland,* 466 U.S. at 689; *Harrington v. Richter*, 131 S.Ct. 770 (2011).
[19] *Younger*, 580 A.2d at 554.
[20] Aff. of Def. Counsel.

Defense Counsel, to his credit, moved quickly, contacting the State in an attempt to resolve both cases. Defense Counsel stated that at the time of the plea on December 4, 2014, he had reviewed the warrant for the November 19, 2014 arrest, and was confident that he was able to "provide intelligent counsel to Mr. Briscoe." Additionally, Defense Counsel stated that he was "never asked [by Briscoe] to pull cell phone records, video surveillance or raise any possible Franks issues related to the search warrant."

Perhaps most significant to the predicament Briscoe found himself in after the second arrest, the State indicated that the plea offer would be "withdrawn in the event Mr. Briscoe went to trial regarding the November 2013 set of charges."[21] While Briscoe may have had more than a fighting chance in front of a jury on the first case, the State had just been dealt a new set of card and knew how to play them. Clearly, the State intended to leverage the more favorable facts (from its point of view) of the second arrest to avoid a trial and resolve both cases.

To this end, Defense Counsel stated that he "communicated in person [with] Mr. Briscoe (now detained) who clearly understood and shared counsel's view, that [he] would have to prevail at trial on both cases in order to obtain a better result."

*Strickland* requires relief only if, but for counsel's unprofessional errors, claimant can show a reasonability probability that the outcome *would have been different*. Briscoe's argument, supported by his 22 page Memorandum of Law, ignores the fact that his argument is speculative—at best. As the State aptly noted in its Response, Briscoe had "confessed to conduct which amounted to at least 40 years of incarceration."

In the end, the Court is left convinced that not only was Defense Counsel competent in his representation, but he saved Briscoe from a life sentence, or at least a

---

[21] Aff. of Def. Counsel.

much longer jail sentence, by quickly assessing the strength of the second case and moving to resolve both at the same time; as previously noted, the State's very generous plea offer was predicated on Briscoe not going to trial on his first arrest.

By pleading guilty Briscoe waived any legal challenges he could have raised as to the second arrest. Because Briscoe could have raised the various legal issues he now cites, but elected not to, his claims are procedurally barred under Rule 61(i)(3).[22]

## Guilty Plea

As the crux of Briscoe's argument is that his guilty plea was not knowingly and intelligently and voluntarily made, an examination of the colloquy and plea paperwork is necessary.

An examination of the guilty plea and sentencing transcript reveals no anomalies in the colloquy or entry of the plea. The standard Plea Agreement and Truth-In-Sentencing Guilty Plea Forms were completed accurately. On the forms, Briscoe checked the box to indicated that he understood his rights and agreed to waive them in exchange for accepting the State's plea offer. During the colloquy, Defense Counsel stated that Briscoe understood the terms of the offer and that "[h]e waives all rights he would otherwise enjoy."[23] Additionally, the Court asked Briscoe if he heard what Defense Counsel said and if it was correct, to which he replied "yes."[24] Finally, Briscoe made it a point to explain to the Court that as a shooting victim himself, he "made a bad decision" and that he never intended any harm with the firearm he possessed.

---

[22] Rule 61(i)(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

[23] Sentencing Transcript at 5.

[24] *Id*. at 7.

"A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[25] A review of the record reveals that Briscoe knowingly and intelligently waived his right to indictment in the second arrest, trial and appeal as to both cases and that he understood the penalties he faced by pleading guilty. Briscoe did not ask a single question of the Court nor object to anything said by Defense Counsel or the State. There is simply nothing in the record to rebut the presumption that Briscoe understood what he was doing when he pled guilty. [26]

For the foregoing reasons, Briscoe's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc: Prothonotary
cc: Defendant

---

[25] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[26] It is also worth noting that this was certainly not the first time Briscoe had pled guilty, and therefore, had prior experience with the guilty plea process.